[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In this case, the plaintiff alleges to have suffered injury and damages when the defendant, Melvin Barnham, backed his vehicle into her car. The plaintiff has sued Mr. Barnham and the defendant uninsured motorist insurance carrier. The plaintiff has now moved for summary judgment on the issues of liability and insurance status. Mr. Barnham has been defaulted for failure to appear.
Section 17-51 (§ 386) of the Practice Book provides that "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the damages."
The court does not feel that it would be appropriate to grant summary judgment as to liability against Mr. Barnham since he has already been defaulted and it would not appear to serve any useful purpose in the case against him nor in the case against the claim against Nationwide.
The "liability" claim against the defendant Nationwide has three components — that Mr. Barnham was liable for the accident and that he was insured and that there was coverage under the Nationwide policy.
As to the "liability" claim against Nationwide, all three elements must be established. Failure to establish any one will defeat the claim as to "liability." Section 17.51 does not permit and the court is not aware of anything in our procedure that would permit it on an interlocutory basis, to decide only certain portions of any particular issues in a liability claim. The courts would be inundated if summary process procedure were to be expanded to that extent.
In any event, if the plaintiff fails to establish any one of the necessary components to its "liability" claim against Nationwide, it cannot prevail on this motion. The court will only consider the claim that Barnham was "uninsured."
The only evidence offered to show that Mr. Barnham was uninsured at the time of the accident is Barnham's statement immediately after the accident that his motor vehicle was uninsured; this is contained in an affidavit submitted by the plaintiff. The defendant Nationwide argues that this statement is not conclusive on the issue of whether in fact Barnham was CT Page 7328 uninsured — it is hearsay and Barnham may be insured under another policy. Admissions are exceptions to hearsay, however, and if this admission were admissible for consideration on this motion then a prima facie case might be established which would not bar granting of this motion if the defendant did not then come forward with evidence refuting the prima facie case.
However, Barnham's statement cannot serve as an admission against the defendant Nationwide. There is and presumably can be no evidence that Barnham was Nationwide's representative or agent when he made the statement or that he was an agent authorized to make such statement on behalf of Nationwide. As stated in 29 Am.Jur.2d. "Evidence" at § 767, page 134: "Since a party-opponent's admission may be offered only against that particular party, an out-of-court statement, introduced as an admission of one party, could not be considered as evidence adversely affecting the claims of other parties." See U.S. v. Eubanks, 591 F.2d 513, 519 (CA 9, 1979), also cf. language of Federal Rule 801(d)(2) which says that a statement is not hearsay if it is offered against a party "and is (A) the party's own statement in either an individual or representative capacity . . ." (Emphasis added.) None of the agency or co-conspirator exceptions later discussed in the rule would apply to this case. Since the alleged "admission" of Barnham is the only evidence presented to show that he was uninsured, the motion for summary judgment is denied.
Corradino, J.